# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN OMAR HARPER,

    Plaintiff,

    v.                                   Case No. 20-cv-0875-bhl

MICHAEL GIESE, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Kevin Omar Harper, who is serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Waukesha County Jail. On December 1, 2020, the Court screened the complaint and allowed Harper to proceed on First Amendment claims against the Defendants. Dkt. No. 12 at 15-16. The Court concluded that Harper stated claims against all Defendants based on allegations that they censored and/or punished him for complaining about jail staff and conditions in a series of newsletters he wrote. The Court also concluded that he stated claims against Defendants Karla Gabor, Nicole Fudge, Brenda Greenwald, Angela Wallenhaupt, and Michael Giese based on allegations that his outgoing legal mail was intercepted, screened, and confiscated. And, finally, the Court allowed him to proceed on claims against Defendants Nicole Genz, Greenwald, Wallenhaupt, Gabor, and Giese based on allegations that they retaliated against him for complaining about jail conditions to outside officials.

On April 2, 2021, Defendants filed a motion for summary judgment on the ground that Harper failed to exhaust the available administrative remedies before initiating this lawsuit. Dkt. No. 40. Based on the record, the Court will grant Defendants' summary judgment motion on Harper's legal mail and retaliation claims, but it concludes that an evidentiary hearing is required before it can resolve Defendants' motion on Harper's newsletter claims.

## BACKGROUND

Harper was booked into the Waukesha County Jail on November 13, 2017. Dkt. No. 51 at ¶2. The jail had policies and procedures that allowed inmates to file grievances and appeals about issues and incidents at the jail. *Id.* at ¶4. First, an inmate is required to submit an informal grievance (Level 1) using a communication form. *Id.* at ¶8. If informal resolution is unsuccessful, an inmate can submit a formal written grievance (Level 2) within five days by using the specified grievance form. *Id.* at ¶9. According to the policy, jail staff reviews and responds in writing to Level 1 and 2 grievances. *Id.* An inmate can file an appeal of the grievance within five days of receiving a response. *Id.* at ¶10. According to Defendants, forms are available to inmates upon request; however, Harper asserts that staff regularly refused to provide him with forms, so he got them from other inmates. *Id.*

**A. Harper Filed Level 1 Grievances about Staff Confiscating his Newsletter and/or Punishing him for Writing the Newsletter.**

On January 19, 2018, Harper submitted a Level 1 grievance about Genz and Garcia-Martinez confiscating one of his newsletters. Dkt. No. 43-4. About a week later, on January 27, he submitted a Level 1 grievance about Fudge confiscating a newsletter. Dkt. No. 49-1 at 2. At the end of March, Harper submitted another Level 1 grievance asking that his newsletters be returned to him. *Id.* at 9. A few days later, on April 1, Harper submitted a Level 1 grievance

2

asserting that an officer informed him that Wallenhaupt had instructed staff to write him up every time he writes a newsletter. *Id.* at 10.

### B. Harper Filed Level 1 Grievances about Staff's Failure to Respond to his Grievances.

In early March 2018, Harper filed a Level 1 grievance asking why he was not receiving responses to his grievances about the "illegal seizure" of his newsletter. Dkt. No. 49-1 at 6. On March 5, 2018, Greenwald responded, "As for your responses from DJA, she responds as appropriate. Your letters were contraband and attached to your discipline." *Id.* A little more than a week later, on March 19, 2018, Harper submitted another Level 1 grievance asking why he was not receiving responses to his "yellow grievance forms." Dkt. No. 49-1 at 8. He notes that he "submitted several regarding [his] newsletter and other injustices that have been executed against [him]." *Id.* Harper suggests his grievances are being destroyed, noting that that is the "only plausible explanation because they aren't being logged in the system or responded to." *Id.* On March 22, 2018, Wallenhaupt responded, "All received correspondences from you have been responded to." *Id.*

### C. Harper Asserts He Filed a Level 2 Grievance.

According to Harper, on April 2, 2018, he submitted a Level 2 grievance, which begins, "Once again I am submitting another Level 2 grievance…." Dkt. No. 49-1 at 12. The Level 2 grievance concerns Harper's frustration about being punished "for submitting [his] "Harper's Newsletter." *Id.* Harper notes that it is the third or fourth Level 2 grievance that he has submitted on this issue. *Id.* The copy submitted by Harper contains no indication that jail staff received or responded to the grievance. *Id.*

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

**ANALYSIS**

The Prison Litigation Reform Act (PLRA) applies to this case because Harper was a prisoner when he filed his complaint. The PLRA provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

To properly exhaust available administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However, a prisoner is not required to exhaust the administrative remedies if those remedies are not

"available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

### A. Harper Failed to Exhaust the Administrative Remedies Before Filing his Retaliation and Legal Mail Claims.

According to Defendants, they are entitled to summary judgment because Harper failed to exhaust the available administrative remedies. Defendants assert that Harper filed only a few Level 1 grievances about his newsletters; they assert that he filed no Level 2 grievances or appeals about any issue in this case. Harper states that he exhausted the administrative remedies that were available to him. He asserts that he filed numerous Level 1 and 2 grievances and appeals about his newsletters, but staff responded to only a small number of his Level 1 grievances and failed to respond to any of his Level 2 grievances or appeals. Harper filed about a dozen documents in support of his assertions.

After reviewing Harper's declarations and supporting exhibits, the Court finds that he presents no evidence supporting a conclusion that he filed a Level 1 grievance (let alone a Level 2 grievance or appeal) about officers screening and/or confiscating his outgoing legal mail containing information about pending criminal cases. Nor does he present evidence supporting a conclusion that he filed a Level 1 grievance about officers retaliating against him because he raised concerns about jail conditions with outside officials. Harper's declarations and supporting exhibits focus only on the censoring/confiscation of his newsletters and the punishments he received for

5

creating and attempting to distribute the newsletters. Because Harper failed to comply with the jail's administrative procedures in connection with his legal mail and retaliation claims, those claims will be dismissed without prejudice.

> **B. An Evidentiary Hearing Is Required Before the Court Can Resolve Whether Harper Exhausted his Administrative Remedies Before Filing his Newsletter Claims.**

As noted, Defendants assert that, while Harper filed a few Level 1 grievances regarding his newsletters, he failed to file any Level 2 grievances or appeals. Harper, on the other hand, asserts that he tried to file Level 2 grievances and appeals, but staff either refused to provide him with the necessary forms or prevented him from completing the grievance process by refusing to respond to his Level 1 and/or 2 grievances. Harper submits grievances showing that he asked why he was not receiving responses to his Level 2 grievances, although he does not submit copies of the Level 2 grievances that he allegedly filed.[1] Defendants assert that staff responded to everything Harper submitted.

The Seventh Circuit has instructed that, when there are questions of fact regarding whether a plaintiff exhausted the available administrative remedies, the Court must conduct an evidentiary hearing to resolve the issue. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). At the hearing, the Court "may hear evidence, find facts, and determine credibility. After finding facts, the district court may allow the claim to proceed or dismiss it for failure to exhaust." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citations omitted). In light of the parties' conflicting evidence regarding what Harper filed and whether staff responded, the Court finds that an evidentiary hearing is necessary.

---

[1] The only copy of a Level 2 Grievance that Harper submits bears no indication that it was received by jail staff. *See* Dkt. No. 49-1 at 15-16.

A final note: Defendants' apparent argument that Harper failed to exhaust the available administrative remedies because he did not complete the full grievance process (Level 1 and 2 grievances followed by an appeal) for each specific incident involving a newsletter is without merit. The Seventh Circuit has explained that to successfully exhaust "prisoners need not file multiple, successive grievances raising the same issue…if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). It is clear from the Level 1 grievances that Harper submits that he was not challenging specific incidents of alleged censorship or specific conduct reports he received in connection with a particular newsletter; instead, he was challenging the jail's general response to his newsletters as a continuing violation of his rights. "[O]nce a [jail] has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Id.* Accordingly, it is possible that "one occurrence of notice" from Harper may have been "sufficient to give the [jail] a chance to correct the problem." *Id.*

Also, inmates are required to exhaust *available* administrative remedies, and a remedy may be unavailable if jail officials do not respond to a grievance. *Pyles v. Nwaobasi*, 829 F.3d 860, 864, 868-69 (7th Cir. 2016). Thus, a finding that staff failed to respond to Harper's Level 1 and/or 2 grievances regarding the jail's handling of his newsletters may be sufficient to establish that Harper exhausted his administrative remedies. *Id.*; *Banks v. Patton*, 743 F. App'x 690, 695 (7th Cir. 2018). As a reminder, it is Defendants' burden to prove that Harper did not exhaust his administrative remedies; it is not Harper's burden to prove that he did. *Id.*

## CONCLUSION

For these reasons, Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 40) is **GRANTED** as to Harper's retaliation and legal mail claims. Those claims are

**DISMISSED without prejudice**.  The Court will set in a separate order a date and time for an evidentiary hearing to determine whether Harper exhausted the available administrative remedies on his newsletter claims.

Dated at Milwaukee, Wisconsin this 12th day of May, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge